[No. 5032.]
[No. 2589 C. A.]

The Colorado & Southern Railway Company v. Charles.

1.  **Railroads—Damages—Killing Stock—Negligence—Evidence.**

In an action against a railroad company for killing a cow, there was evidence that the company's engineer, had he been

keeping a proper lookout, might have seen the cow on the track when his train was 100 to 150 feet distant from such animal, and other evidence showed that the train was stopped within a distance of about 70 feet. Held, that such evidence justified a finding of negligence on the part of the company's engineer, and that such negligence was the proximate cause of the injury.—P. 223.

2. Appellate Practice—Judgment—Conflicting Evidence.

On appeal, under the established rule in this jurisdiction, a judgment will not be reversed merely because there is a substantial conflict of evidence.—P. 224.

*Appeal from the County Court of Jefferson County. Hon. Joseph Mann, Judge.*

Action by Laura P. Charles against The Colorado and Southern Railway Company. From a judgment in favor of plaintiff, defendant appeals.
*Affirmed.*

Messrs. Dines & Whitted and Mr. J. G. McMurry, for appellant.

Mr. Charles McCall and Mr. Samuel I. Large, for appellee.

Mr. Justice Campbell delivered the opinion of the court:

Action to recover the value of plaintiff's cow, which was run over and killed by one of defendant's railroad trains, negligently, as plaintiff says; the result of an unavoidable accident, defendant contends. Trial was to the court without a jury. The judgment was for plaintiff, and defendant appealed to the court of appeals, and the cause is now properly pending here. The action originated before a justice of the peace and went by appeal to the county court; hence we are remitted to the evidence to ascertain the character of the alleged negligence. Plaintiff's cause of action is based on the negligence of defendant's engineer in failing to keep a proper look-out for

animals walking on the track and, as the necessary consequence, his inability to stop the train before striking plaintiff's cow, as he might have done by exercising ordinary care.

The train, consisting of three cars, was going east from the town of Morrison towards the city of Denver. Plaintiff's cow, together with several others, was walking west in the direction of the approaching train, in the middle of the track in a deep cut about a quarter of a mile east of Morrison. To the west of the cut is a sharp curve in the track, the beginning of which is distant from the place where the cow was struck, as some of the witnesses testify, 60 or 70 feet, and, as others say, 100 to 150 feet. The engineer testifies that after he had rounded the curve, he first saw the cow 60 or 70 feet away, whereupon he immediately applied the air and reversed the engine, and did all in his power to stop the train, but did not succeed in doing so until after the cow was injured. The fireman, being on the inside of the curve, did not see the cow as soon as the engineer did, but says that the train was stopped within a distance of about 70 feet.

There was evidence by plaintiff's witnesses tending to show that the cow was found lying by the side of the track within three feet of the track at the place where she was struck, and one of them testified that, standing on the track at the beginning of the curve, 100 to 150 feet distant therefrom, he could see to the east the body of this cow and the middle of the track opposite thereto. If, therefore, this cow could, and might, have been seen by the engineer had he been keeping a proper look-out, when his train was 100 to 150 feet to the west of where the animal was walking on the track, and the train could have been stopped, as it was, within the limit of 70 feet, this was evidence that tended to establish the

negligence charged, and that such negligence was the proximate cause of the injury. There is evidence opposing that of plaintiff's witnesses, which tends to prove that the cow could not have been seen by the engineer at a greater distance than about 70 feet away, but under the established rule in this jurisdiction we cannot reverse the judgment merely because there is a substantial conflict in the evidence. In the circumstances which the record discloses, we are bound by the finding of the trial judge.

Finding no prejudicial error, the judgment is affirmed.                                                    *Affirmed.*

Chief Justice Gabbert and Mr. Justice Steele concur.